Gombal Suárez, Petitioner, v. District Court of San Juan, Respondent.

No. 1052.   Argued November 11, 1935.—Decided April 22, 1936.

*Edgar S. Belaval* for petitioner.   *J. Giménez Aguayo* for plaintiff in the main suit. ·

Mr. Justice Hutchison delivered the opinion of the court.

Plaintiff brought an action in a municipal court to recover $25 as an unpaid balance of damages alleged to have amounted to $50, one-half of which had been paid by defendant. This action was brought under a law entitled "An Act establishing special proceedings in the Municipal Courts of Porto Rico, and for other purposes," approved April 21, 1921 (Session Laws of that year, 112). The municipal court, after a trial on the merits, dismissed the action and plaintiff appealed to the district court.

Section 5 of the Act of 1921 reads as follows (italics ours) :

"From such judgments as the municipal court may render, an appeal may be taken to the proper district court within ten days after service of notice on the losing party. Within five days after an appeal has been taken the secretary shall forward the original

records in the case to said district court, *which shall proceed to a trial de novo, subject to the procedure herein established* and also irrespective of the calendar.''

In the instant case, plaintiff filed his notice of appeal May 7, 1935. On the same day defendant moved to dissolve an attachment. This motion was heard and the attachment was dissolved April 10. The record was filed in the district court on May 16. Two days later appellee moved in the district court to dismiss the appeal because the record had not been filed within the statutory five days. The district judge found that the delay was due to appellee's action in moving for a dissolution of the attachment in the municipal court and refused to dismiss the appeal. He also based his refusal in part on the fact that the record on appeal had been filed before the filing of the motion to dismiss. Appellee then applied for and obtained a writ of certiorari.

■■ Section 1 of an Act approved November 14, 1917 (Session Laws, Vol. II, p. 224), reads as follows:

''Section 1.—That section 1 of an act entitled 'An Act to regulate appeals from judgments of municipal courts in civil cases,' approved March 11, 1908, be and the same is hereby amended to read as follows:

'' 'Section 1.—When a municipal court has entered judgment in a civil case, disposing finally of the case, any party to the action who considers himself aggrieved, may appeal to the district court for the judicial district in which the municipal court is situated. He shall make the appeal by serving a written notice thereof upon the secretary of the municipal court within ten days following that on which notice of judgment shall have been served on the party against whom judgment was rendered, or on his attorney, and by serving like notice within a like period on the adverse party or on his attorney.

'' 'Within twenty days after such notice of appeal has been filed the appellant shall file in the office of the secretary of the proper district court a transcript of each and every allegation, motion, order and of the final judgment and notice of appeal upon delivery of a copy of the said transcript to the adverse party or to his attorney. The said transcript shall be certified to by the attorney for the parties, or by the latter, in regard to its accuracy, and within five

days after said transcript has been filed, the appellee may request the district court, and the latter may enter an order, if proper, to provide that any allegation, document, order or writing which appears in the record of the municipal court, but has been omitted and is necessary for the proper decision of the case, be attached to the record of the same.

" 'If the attorney or the parties should refuse or fail to agree to certify the said copy or record, then the secretary of the municipal court shall do so upon request of the appellant.

" 'If the transcript is not filed in the district court within the time prescribed or within such additional time as may have been granted by the court for the purpose, the appeal shall be dismissed.' "

The provision that "If the transcript is not filed in the district court within the time prescribed or within such additional time as may have been granted by the court for the purpose, the appeal shall be dismissed" has been held to be mandatory. *Guadalupe* v. *Berga, District Judge,* 29 P.R.R. 277, and *Blondet* v. *Flores,* 35 P.R.R. 197. The question is whether this provision of the amendment of 1917 is applicable in a case of this kind.

We cannot assume with petitioner that the effect of the Law of 1921 is merely to shorten the 20-day period prescribed by the amendment of 1917. Section 5 of the Act of 1921 is not an amendment of the Act of 1908, as amended in 1917.

The amendment of 1917 requires that the appellant, within 20 days after the filing of the notice of appeal, shall file in the office of the secretary of the district court a transcript of the record in the municipal court, after delivery of a copy of such transcript to the adverse party or to his attorney. The final paragraph of the amendment of 1917 specifies a failure to file this transcript "within the time prescribed or within such additional time as may have been granted by the court for the purpose." "The time prescribed" is the period of 20 days prescribed by the amendment of 1917. The record on appeal in the instant case was filed in the office of the secretary of the district court well within the statutory period of 20 days. although there was, of course, no transcript.

Neither the Law of 1921 nor the amendment of 1917 requires the district judge to dismiss an appeal from the municipal court in the cases covered by the Act of 1921 upon failure of the secretary of the municipal court to "forward the original records" within 5 days as provided by that law.

The obvious purpose of the Act of 1921 was to facilitate a speedy dispensation of substantial justice by a simplification and relaxation of the ordinary rules of procedure. The spirit of the law demands that cases within its purview shall be promptly disposed of on their merits not only in the municipal court but by a speedy trial *de novo* in the district court. With this end in view it relieves the appellant from the necessity of preparing a transcript within 20 days and instead requires the secretary of the municipal court to forward the original record within 5 days. This was not a mere shortening of the period within which the transcript was to be filed in the district court. It was the establishment of an entirely new and different period as well as an entirely new and different method of transferring the cause from the municipal to the district court. It may be conceded that the law did not relieve appellant of all responsibility by making it the duty of the secretary of the municipal court to forward the record within 5 days to the district court. There is, however, no evidence of any intention to deprive the district judge of all discretion as to whether an appeal should be dismissed merely because the secretary of the municipal court may have failed or refused to transmit the original record within the statutory 5 days. The provision that the district judge must dismiss an appeal, regardless of circumstances, upon failure of the appellant to file a transcript within the 20 days prescribed by the amendment of 1917 is drastic enough without expanding that provision so as to require him to dismiss an appeal, taken under the Law of 1921, upon failure of the secretary of the municipal court to forward the original record within 5 days as required by that law.

By the Act of 1921 the Legislature has made the special proceeding so simple that any intelligent litigant may safely conduct his own case. The effectiveness of such legislation depends largely upon the manner in which the municipal and the district judges direct the course of the proceeding. Much must of necessity be left to the exercise of a sound judicial discretion. Manifestly much has been left by the Legislature to the exercise of such a discretion. It has placed no limitation on the discretion of the district judge as to the dismissal of appeals. The district court was right, we think, in refusing to inject into the special proceeding the hard and fast rule laid down in the final paragraph of the amendment of 1917. Neither layman nor lawyer would have any reason to believe, on reading the Act of 1921, that a district judge could not refuse to dismiss an appeal in a meritorious case. To hold that he has no discretion in this regard would be subversive of the purpose of the Act of 1921.

Our conclusion is that a district judge, notwithstanding the mandatory provision of the amendment, may exercise a sound discretion in disposing of a motion to dismiss an appeal taken under section 5 of the Law of 1921 for failure to file the record within the period of five days.

■ It may be conceded that the district court erred in finding that the delay was due to the action of appellee in filing a motion to dissolve the attachment. The fact that such a motion had been filed in the municipal court was not a satisfactory explanation or excuse for the failure of the secretary to forward the record to the district court. We have already conceded for the purposes of this opinion that the failure of the secretary to do this did not relieve appellant of all responsibility. There is no showing whatever as to diligence on the part of appellant. The fact that the record had been filed before the making of the motion to dismiss was, however, a sufficient answer to that motion. At least, there was no abuse of discretion on the part of the district judge in so holding. *Santini* v. *Cuevas Zequeira,*

*District Judge,* 21 P.R.R. 410. Where the court has no discretion, this rule, of course, would not apply. *Guadalupe* v. *Berga, supra,* and *Blondet* v. *Flores, supra.* These cases fail to support the view that the district court in the exercise of a sound discretion when it has the power to exercise such a discretion, may not say that the filing of a record on appeal before the making of a motion to dismiss the appeal is a sufficient answer to that motion.

The writ must be annulled.

Mr. Justice Travieso took no part in the decision of this case.